[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT HILSHIRE HOUSE'S, DBA WESTLEDGE, MOTION TOSTRIKE FIFTH COUNT OF THE COMPLAINT, AUGUST 16, 1996
The defendant, a real estate broker, moves to strike the fifth count of the complaint filed by the plaintiffs, purchasers of residential real estate from the defendant Stanley E. Golab Builders, Inc., a builder of homes.
This fifth count of the complaint alleges that the defendant agent, hereinafter referred to as Westledge, had actual knowledge of the distressed financial condition of the builder, that the builder was unable to pay contractors, and that the builder was in fact indebted to the agent for past due commissions. The count further alleges that the failure to so notify the plaintiff of these circumstances was motivated primarily by the desire of this defendant to re-coup their commissions, which were owed to them, from this prospective sale.
The court interprets this allegation as claiming that there existed an arrangement whereby, in addition to the commissions which were to be paid from this sale, as properly earned by this sale, the agent was to receive additional payments from this sale to be applied to the arrearage, or at least to generate an income flow for the builder for that ultimate purpose.
The defendant contends that the agent owes his duty solely and completely to his principal, the seller. Whether this be true as concerns the normal course of dealings by a real estate agent does not respond to the plaintiff's contention that the agent had a special, extraordinary and selfserving motivation, that is the generating of funds ultimately for itself above and beyond the usual and customary commissions paid to agents for a real estate sale.
As to whether this course of conduct is a violation of the Connecticut Unfair Trade Practices Act, CUTPA, General Statutes Sec. 42-110b is a question of fact. What may appear CT Page 1964 fair in a routine transaction may well be unfair when the motivation of the agent is for particular selfserving purposes above and beyond what is a normal adjunct to the earning of commissions for and limited to the direct benefits of a commission derived from the efforts needed to produce a particular sale.
This court cannot and does not conclude that the fifth count fails to set forth a cause of action under CUTPA as concerns the agent. The court does not credit the apparent contention that the agent had no choice but to handle this matter on behalf of the builder. The obvious answer to that contention is that the agent could have simply declined to handle the sale for the builder, thereby preventing this problem from being generated, and hence insulating itself from the potential claims of personal selfdealing at the expense of the plaintiff.
The motion to strike the fifth count of the complaint is denied.
L. Paul Sullivan, J.